IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION-AFL-CIO, LOCAL 1575, *et al.*, <br><br>**Plaintiffs**, <br><br>v. <br><br>HORIZON LINES OF PUERTO RICO, INC., *et al.*, <br><br>**Defendants.** | CIVIL NO. 06-2034 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is a Report and Recommendation (R&R) issued by United States Magistrate Judge Velez-Rive. (Docket No. 239.) Unopposed by either party, the R&R granted the Royalty Fund trustee's Verified Motion for Contempt and Writ of Execution. (Docket No. 226.) The Court has made an independent examination of the entire record in this case and **ADOPTS IN PART** the R&R's findings as the opinion of the Court. The Court also issues a writ of attachment.

**DISCUSSION**

**I.   Procedural Background**

On October 11, 2007, the Court ordered plaintiff International Longshoremen's Association Local 1575 ("Union") to "restore to the

---

[1] Justin Rowinsky, a second-year student at the Georgetown University Law Center, assisted in the preparation of this Memorandum and Order.

Civil No. 06-2034 (FAB)                                                                 2

Royalty Fund all assets previously held by it, *including money, property, and all rents which were due to it*." (Docket No. 141 at 20) (emphasis added). The Royalty Fund was established for the benefit of the Union's employees and partially funded by their employer, defendant Horizon Lines of Puerto Rico, Inc. ("Horizon"). Id. at ¶ 13. The Royalty Fund is the title owner and landlord of the "ILA Building" at issue in the motion. Id. at ¶ 54-56.

Despite the Court's order, the Royalty Fund's trustee was forced to file a motion for contempt on June 1, 2011, almost four years after the order was issued. (Docket No. 226.) The Royalty Fund seeks rent payments improperly deposited in the Union's account by Tactical Mesh, Inc. ("Tactical") from May through October of 2007. (Docket No. 226.) Tactical is a company that rented the facades of the ILA Building for advertising purposes. Id. at 2-3. The Union had requested that Tactical make all lease payments directly into the Union's account, resulting in the deposit of seven checks totaling $69,483.29. Id., exhibits 1, 2, 3. The Royalty Fund claimed that it was owed the $69,483.29 pursuant to the Court's order of October 11, 2007.

The Union's opposition to the Royalty Fund's motion referenced eleven checks that the Union argues were reimbursement payments to the Royalty Fund for a total of $74,493.66. (Docket No. 231 at 3-5; exhibits 1-11). That amount included checks sent to parties

Civil No. 06-2034 (FAB)                                                    3

other than Royalty Fund for activities ranging from waste disposal to repair of the electrical plant at the ILA Building.

The Royalty Fund's reply to the Union's opposition advanced a new argument. The Royalty Fund cited the Union's "recognition of the debt"[2] it owed to the Fund, and credited certain payments made by the Union to third parties. (Docket No. 235 at 4, 7.) As a result, the Royalty Fund now seeks $29,874.36[3] for the remaining balance of Tactical's lease payments improperly deposited into the Union's account.

The Magistrate Judge's R&R did not cite the Royalty Fund's amended request, and focused solely on the fact that only two of the eleven checks cited by the Union were paid directly to the Royalty Fund and could therefore be credited to the original balance. Magistrate Judge Velez-Rive accordingly **GRANTED** a writ of attachment against the Union for $34,483.29. Id. at 9.

**II. Legal Analysis**

    **A.   Standard for referral to a Magistrate Judge under § 636**

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). If neither

---

[2] Check number 2022 included a note that stated a "total amount of $78,983.00 was deposited in the account of the union [sic] funds while bolinging [sic] to Royalty Funds."

[3] This amount is based on the Court's independent calculation of the remaining debt owed to the Royalty Fund.

Civil No. 06-2034 (FAB)                                                  4

party adversely affected by the report and recommendation objects within fourteen days of being served with the magistrate judge's report, further review is precluded.  See 28 U.S.C. § 636(b)(1); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  The court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

     On April 24, 2012, Magistrate Judge Velez-Rive's R&R **GRANTED** Royalty Fund's Verified Motion for Contempt and Writ of Execution.  Because neither plaintiffs nor defendants objected to the R&R within the time required, they have waived the right to further review by the Court.  See Davet, 973 F.2d at 30-31. Nevertheless, the Court has made an independent examination of the entire record in this case and makes the following conclusions of law.

### B.   Standard for holding a party in civil contempt

The movant must prove by clear and convincing evidence that holding a party in civil contempt is necessary to compel their compliance with a court's order. See United States v. Saccoccia, 433 F.3d 19, 27-28 (1st Cir. 2005) (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)). The proof must establish that: (1) the accused party had notice they were "within the order's ambit," (2) the accused party had the ability to comply with the order, (3) the order was "clear and unambiguous," and (4) the order was actually violated. Saccoccia, 433 F.3d at 27 (citations omitted).

The Court's unequivocal language in its October 11, 2007 order was sufficiently clear to put the Union on notice that they were required to return all assets previously held by and owed to the Royalty Fund. (Docket No. 141 at 20.) In addition, the eleven checks cited by the Union as reimbursements to Royalty Fund demonstrate that the Union had sufficient assets to comply with the Court's order. See, e.g., United States v. Rylander, 460 U.S. 752, 757 (1983) ("[T]he court . . . will not be blind to evidence that compliance is now factually impossible. . . . [T]he [non-movant] has a burden of production.").

The dispositive question is therefore whether the Union violated the October 11, 2007 order. The note on check number 2022 demonstrates that the Union was aware it had improperly diverted

Civil No. 06-2034 (FAB)                                                     6

$78,983.00, and the Court's unambiguous and explicit order stated that the Union had to reimburse "all assets," "including rent," to the Royalty Fund.  Moreover, civil contempt is appropriate when required for the "due and orderly administration of justice."  <u>Goya Foods, Inc. v. Wallack Management Co.</u>, 290 F.3d 63, 78 (1st Cir. 2002) (quoting <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 752, 764 (1980)).  The Court's order over four years ago explicitly required the Union to repay all money owed to the Royalty Fund.  Accounting for the payments accepted by the Royalty Fund as reimbursements, the Union still owes $29,874.36 resulting from the improperly diverted lease payments from Tactical.

Accordingly, the magistrate judge's R&R is hereby **ADOPTED IN PART** as the order of the Court.  The Royalty Fund's motion for contempt is **GRANTED**, the Union is found in Contempt of Court, and a writ of attachment shall be issued in the requested amount of $29,874.36.  A proposed writ shall be tendered **no later than June 11, 2012.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 4, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
